**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Eddy B. DUNN, Defendant/Appellant.**

No. ED 82506.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 15, 2003.

Eddy B. Dunn, Fulton, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Munson Morris, III, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge

The defendant, Eddy B. Dunn, appeals from an order denying his petition for credit of probation time towards sentence. We dismiss the appeal for lack of a final, appealable judgment.

On February 19, 1998, the defendant pleaded guilty to felony stealing. The

court sentenced the defendant to seven years' imprisonment, but suspended execution of the sentence and placed him on probation. The defendant did not appeal. On May 16, 2002, the court revoked the defendant's probation and executed his sentence. On January 14, 2003, the defendant sought credit for time served on probation towards his sentence. The trial court denied the defendant's request and he appealed.

■■■ We have a duty to *sua sponte* determine whether we have jurisdiction to entertain an appeal. *State v. Wilson,* 15 S.W.3d 71, 72 (Mo.App. S.D.2000). There is no right to an appeal without statutory authority. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). Section 547.070, RSMo 2000, provides for an appeal in criminal cases in all cases from a "final judgment."

■■■ A final judgment in a criminal case occurs only when a sentence is entered. *State v. Lynch,* 679 S.W.2d 858, 859–60 (Mo. banc 1984). Probation is not part of the sentence and consequently, there is no right to appeal a trial court's decision to grant or deny probation. *Williams,* 871 S.W.2d at 452. In addition, there is no right to appeal the terms and conditions of an order of probation. *Id.* It follows that a defendant does not have the right to appeal from the trial court's refusal to credit probation time towards his sentence. Such a request is also akin to a request for a reduction in his sentence, which is not a final, appealable judgment. *See, State v. Stout,* 960 S.W.2d 535, 536–37 (Mo.App. E.D.1998). As in *Stout,* there is no law permitting an appeal.

We issued an order directing the defendant to show cause why this appeal should not be dismissed. In his response, the defendant argues the merits of his case and makes no argument that the judgment in question is final and appealable.

The appeal is dismissed for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.