STATE of Missouri,
Plaintiff/Respondent,

v.

Johnny P. STURDEVANT,
Defendant/Appellant.

No. ED 84323.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 13, 2004.

Johnny Paul Sturdevant, Moberly, MO, pro se.

Andrea Kaye Spillars, Andrew W. Hassell, Jefferson City, MO, for respondent.

SHERRI B. SULLIVAN, Chief Judge.

Johnny P. Sturdevant (Defendant) filed a "Petition for Release After 120 Days Pursuant to Section 558.016.8, RSMo." In the petition, he alleged that he pleaded guilty to three counts of second degree statutory rape and one count of incest. Defendant stated he was sentenced to serve consecutive sentences of seven years on each count of statutory rape and five years for incest. Defendant requested release from prison "under alternative sentencing ... Section B of Senate Bill 5, which repealed and added to section 558.016, contains an emergency clause" that allows early release to relieve overcrowding in prisons.[1] The trial court denied Defendant's request for early release. Defendant appeals from the order of denial.

We have a duty to *sua sponte* determine whether we have jurisdiction to entertain an appeal. *State v. Wilson,* 15 S.W.3d 71, 72 (Mo.App. S.D.2000). This Court issued an order directing Defendant to show cause why this appeal should not be dismissed. Defendant did not file a response.

There is no right to an appeal without statutory authority. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). Section 547.070, RSMo 2000, provides for an appeal in criminal cases in all cases from a "final judgment." A final judgment in a criminal case occurs only when a sentence is entered. *State v. Lynch,* 679 S.W.2d 858, 859–60 (Mo. banc 1984). A post-judgment order denying a petition for release is not a "final judgment" for purposes of appeal.

Supreme Court Rule 30.01(a) also provides that after "rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law." However, there is no law permitting an appeal from an order denying a petition for release. Section 558.016.8, RSMo Supp.2004, sets forth a specific procedure for requesting early release. However, it does not authorize an appeal from an order denying such a request. Therefore, there is no final, appealable judgment. *See State v. Stout,* 960 S.W.2d 535, 536 (Mo. App. E.D.1998) (no appeal from order denying reduction of sentence under Section 558.046); *Vernor v. State,* 30 S.W.3d 196, 197 (Mo.App. E.D.2000) (no appeal from denial of Rule 29.12(b) motion for plain error). Defendant's remedy, if any, is a petition for an extraordinary writ. *See State ex rel. Nixon v. Russell,* 129 S.W.3d 867 (Mo. banc 2004).

1. Defendant is referring to Senate Bill 5, which was enacted in 2003 with an effective date of June 27, 2003. The amendment to

Section 558.016 is contained at 558.016.8, RSMo Supp.2004.

The appeal is dismissed for lack of a final, appealable judgment.

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., concur.