STATE of Missouri,
Plaintiff/Respondent,

v.

William F. LOEBLEIN,
Defendant/Appellant.

No. ED 84654.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 24, 2004.

---

1. All further statutory references herein are to RSMo (2000) unless otherwise noted.

William Frank Loeblein, Boone Terre, MO, for Appellant.

Deborah Daniels, Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

William Loeblein (Defendant) appeals from the trial court's judgment denying his petition to serve the remainder of his sentence on parole pursuant to section 558.016.8, RSMo Supp. 2004. Because the trial court's decision is not appealable, the appeal is dismissed.

In September 1993, Defendant was convicted of four counts of deviate sexual assault in the first degree and two counts of sexual assault in the first degree. The trial court sentenced him to seven years on each count and ordered the sentences to be served consecutively with each other. On April 7, 2004, Defendant filed a "Petition Requesting Remainder of Sentence(s) to be Served on Parole, Probation, or Other Court–Approved Alternative Sentencing Pursuant to Section 558.016.8, RSMo." Defendant requested that the court ask the Department of Corrections to prepare a report concerning his prison behavior and order the remainder of his sentence be served outside of prison. The trial court denied Defendant's request for early release.

We have a duty to *sua sponte* determine whether we have jurisdiction to entertain an appeal. *State v. Wilson,* 15 S.W.3d 71, 72 (Mo.App. S.D.2000). This Court issued an order directing Defendant to show cause why this appeal should not be dismissed. In the order, we advised Defendant that there appeared to be no statutory authority for his appeal and that the order denying his petition for release was not a "final judgment" for purposes of a criminal appeal. Defendant filed a response. Defendant asks this court to consider his appeal as civil in nature, rather than criminal, such as motions for post-conviction relief under Rule 24.035 and 29.15. However, those rules specifically state that the rules of civil procedure apply to them. Rule 24.035(a); Rule 29.15(a).

This Court has addressed this exact issue recently in *State v. Sturdevant,* 143 S.W.3d 638, 2004 WL 1554721, No. ED84323 (Mo.App. E.D., filed July 13, 2004). In that case, we found that there is no law permitting an appeal from an order

denying a petition for release. *Id.,* at 638. In particular, section 558.016.8 does not authorize an appeal from an order denying such a request. *Id.* In his response, Defendant also asks this Court to treat his appeal as a petition for extraordinary writ. The Court declines to do so. If Defendant chooses, he may file a petition for an extraordinary writ with the appropriate court. *See, State ex rel. Nixon v. Russell,* 129 S.W.3d 867 (Mo. banc 2004).

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J. and GLENN A. NORTON, J., concur.