**Connie PAIR, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 86620.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 11, 2005.

Shaun Mackelprang, Jefferson City, MO, for respondent.

Henry Cummings, St. Charles, MO, for appellant.

GLENN A. NORTON, Chief Judge.

Connie Pair (Defendant) appeals from a post-conviction order denying her motion for release on house arrest. Because such an order is not a final, appealable judgment, the appeal is dismissed.

In 2002, Defendant pleaded guilty to second degree murder and was sentenced to 25 years in prison. She filed a Rule 24.035 motion for post-conviction relief, which the motion court denied. Defendant appealed and this Court affirmed the motion court's denial of her Rule 24.035 motion and the mandate issued on June 22,

2005. *Pair v. State,* 164 S.W.3d 106 (Mo. App. E.D.2005).

On June 24, 2005, Defendant filed a motion with the trial court for release on house arrest. Defendant's motion contained no cause number and was captioned, *"Connie Pair v. State of Missouri."* Defendant cited no authority for the motion, but simply requested release on house arrest to care for her ailing mother. Defendant's failure to properly caption the motion and include a cause number resulted in the trial court treating it as a separate motion filed in her Rule 24.035 post-conviction motion file, even though her Rule 24.035 proceedings had concluded. On June 29, 2005, the trial court entered an order denying the motion.

■ Defendant's motion was not properly filed in the post-conviction case, but should have been filed in her underlying criminal case, cause no. 01CR612294. Under criminal procedure law, there appears to be no statutory authority for Defendant's appeal. Section 547.070, RSMo 2000, which governs appeals in criminal cases, provides only for an appeal in all cases of "final judgment." A final judgment occurs in a criminal case when the sentence is entered. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). Defendant is not appealing from the judgment of conviction and sentence, but rather from a post-conviction order denying her motion for release on house arrest, which is not a "final judgment" for purposes of appeal. *See, State v. Sturdevant,* 143 S.W.3d 638 (Mo.App. E.D.2004) (no appeal from denial of petition for release after 120 days); *State v. Stout,* 960 S.W.2d 535, 536 (Mo.App. E.D.1998) (no appeal from denial of order denying reduction of sentence). Further, there is no other law permitting an appeal from the denial of a motion for release on house arrest.

This Court has a duty to *sua sponte* determine our jurisdiction. *State v. Dunn,* 103 S.W.3d 886, 887 (Mo.App. E.D.2003). This Court issued an order directing Defendant to show cause why her appeal should not be dismissed for lack of jurisdiction. Defendant has not filed a response. The appeal is dismissed for lack of a final, appealable judgment.

KATHIANNE KNAUP CRANE, and BOOKER T. SHAW, JJ., concur.