**STATE of Missouri, Plaintiff/Respondent,**

v.

**Terrance M. GREGORY, Defendant/Appellant.**

No. ED 85923.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 22, 2005.

---

1. The motion taken with the case to strike part of the reply brief is denied as moot.

Richard A. Starnes, Asst. Atty. Gen., Jefferson City, MO, for respondent.

Terrance M. Gregory, Pekin, IL, Appellant Acting pro se.

Before KATHIANNE KNAUP CRANE, P.J., LAWRENCE E. MOONEY, J., and BOOKER T. SHAW, J.

PER CURIAM.

Defendant, Terrance M. Gregory, acting *pro se,* appeals from an order denying his motion to modify conditions of probation. Because this order is not appealable, we dismiss the appeal.

In August 1996, defendant pleaded guilty to criminal nonsupport, a class D felony, in violation of section 568.040.4 RSMo (1994). The trial court suspended imposition of sentence and placed defendant on probation for a period of five years. In February 1999, the trial court revoked defendant's probation and sentenced him to a term of five years imprisonment, suspended execution of sentence, and placed him on probation for a period of five years. As a condition of probation, the court ordered defendant to make certain specified support payments at designated times. In April 2000, a request to revoke defendant's probation was filed. At that time, the court suspended defendant's probation and issued a warrant for his arrest.

In September 2004, defendant filed a request for modification of sentence. Defendant alleged that since his probation revocation in February 1999, he had been in federal custody on unrelated charges, and therefore could not make the court-ordered support payments. Defendant requested that his sentence for his nonsupport conviction be considered concurrent to his federal sentence, that upon release from his federal sentence his support payments "be reinstated," and that the warrant for his arrest be rescinded. The trial court denied the motion.

In November 2004, defendant filed a motion to modify conditions of probation. Defendant again alleged that immediately after his February 1999 probation revocation, he was placed in federal custody, and therefore has been unable to make the court-ordered support payments. Defendant also alleged that in April 2000, his probation was revoked. Defendant requested that his probation be reinstated upon his release from federal custody or his placement in a community corrections center. The trial court denied this motion on November 15, 2004. Defendant filed a notice of appeal from this order.

■ For his sole point on appeal, defendant claims the trial court erred in "revoking his probation" on the basis of his inability to pay. This point does not address the order appealed from. However, even if it did, we agree with the state's argument that we lack jurisdiction to consider the appeal.

■ There is no right to an appeal absent statutory authority. *State v. Sturdevant,* 143 S.W.3d 638 (Mo.App.2004). Section 547.070 RSMo (2000) provides for an appeal in all criminal cases in which a final judgment has been rendered. Rule 30.01 also provides that "[a]fter the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law." In a criminal case, a final judgment occurs only when a sentence is entered. *Sturdevant,* 143 S.W.3d at 638. Probation is not part of the sentence. *State v. Dunn,* 103 S.W.3d 886, 887 (Mo.App.2003). Therefore, there is no right to appeal a ruling on a motion to modify conditions of probation. *Id.* Section 559.021.7 RSMo (Cum.Supp.2005), which allows a court to "modify or enlarge

the conditions of probation at any time prior to the expiration or termination of the probation term," does not authorize an appeal from the denial of a motion to modify probation. Accordingly, there is not a final appealable judgment. *See Sturdevant*, 143 S.W.3d at 638. Defendant's remedy, if any, is by writ.

In his notice of appeal, defendant asserts that his appeal is authorized under Rule 37.22(a). Rule 37 "governs the procedure in all courts of this state having original jurisdiction of ordinance violations and the disposition of any such violation in a violation bureau." Rule 37.01. There is no ordinance violation at issue here. Therefore, Rule 37.22(a) does not apply.

Appeal dismissed.