**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**John DECKER, Defendant/Appellant.**

**No. ED 87245.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 2006.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

John Decker, Jefferson City, MO, Appellant acting pro se.

Robert Garza, Union, MO, for Appellant.

GLENN A. NORTON, C.J.

John Decker (Defendant) appeals from the trial court's order denying his motion to credit time served on house arrest toward his sentence. Because there is no final, appealable judgment, we dismiss the appeal.

On August 24, 2004, Defendant pleaded guilty to several offenses and was sentenced. On March 15, 2005, Defendant filed a motion to credit time served on house arrest toward his sentence. The trial court denied this motion by order on March 31, 2005. On September 9, 2005, Defendant filed a notice of appeal from this order, but did not include a filing fee or motion to proceed in forma pauperis. On October 24, 2005, Defendant filed a motion to proceed in forma pauperis, which the trial court granted on November 17, 2005. The trial court also purported to enter an order allowing Defendant to file a late notice of appeal. This Court issued an order directing Defendant to show cause why his appeal should not be dismissed. Defendant has not filed a response.

The order denying Defendant's motion to credit time served is not an appealable order. Under criminal procedure, there is no statutory authority for the appeal. Section 547.070, RSMo 2000, provides only for an appeal in criminal cases if there is a "final judgment." Final judgment only occurs in a criminal case

when the sentence is entered. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). Defendant is appealing from a post-conviction order denying his request to credit time served on house arrest toward his sentence. This is not an appealable order, because it is not a "final judgment" for purposes of appeal. *See, Pair v. State,* 174 S.W.3d 10, 11 (Mo.App. E.D. 2005) (no appeal from post-conviction motion for release on house arrest); *State v. Sturdevant,* 143 S.W.3d 638 (Mo.App. E.D. 2004) (no appeal from denial of petition for release after 120 days); and *State v. Stout,* 960 S.W.2d 535, 536 (Mo.App. E.D.1998) (no appeal from denial of order denying reduction of sentence).

■ In addition, there is no other law allowing an appeal from the denial of a motion to credit time served. Moreover, there is no independent basis for such a motion, because "[a]s a matter of law, claims for credit for time served under section 558.031 are not cognizable." *Mashek v. State ex rel. Mitchell,* 940 S.W.2d 1, 2 (Mo.App. W.D.1997). A prisoner seeking credit towards service of his or her sentence must request it from the Department of Corrections, rather than the trial court, because the statute contemplates an administrative, not a judicial, determination of time to be credited against a sentence. *Bates v. Missouri Dept. of Corrections,* 986 S.W.2d 486, 488–89 (Mo.App. W.D.1999). Defendant's remedy for seeking such credit is either through a petition for declaratory judgment against the Department of Corrections or a petition for a extraordinary writ. *See, State ex rel. Nixon v. Kelly,* 58 S.W.3d 513 (Mo. banc 2001) (writ of habeas corpus); *State ex rel. Gater v. Burgess,* 128 S.W.3d 907, 909 (Mo.App. W.D.2004) (writ

of mandamus); *Goings v. Missouri Dept. of Corrections,* 6 S.W.3d 906 (Mo. banc 1999) (declaratory judgment).[1]

■ Even if appealable, Defendant's notice of appeal is untimely. Under Rule 30.01(d), the notice of appeal in a criminal case must be filed not later than ten days after the judgment becomes final, that is when the sentence is entered. *Williams,* 871 S.W.2d at 452. Defendant is not appealing from his conviction and sentence. Even if there were an independent basis for his appeal, the notice of appeal would have been due ten days after the entry of the order. *See, e.g., State v. Lawrence,* 139 S.W.3d 573, 576 (Mo.App. E.D.2004). Defendant perfected the filing of his notice of appeal almost six months later. While the trial court purported to grant Defendant leave to file a late notice of appeal, the trial court does not have the authority to provide such relief, which must be requested in the Court of Appeals pursuant to Rule 30.03.

The appeal is dismissed for lack of an appealable judgment.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., concurring.

---

1. Even if cognizable, Defendant's claim does not appear to have merit, because time served on house arrest could not be credited toward time served. *See, Bates,* 986 S.W.2d at 488–89.