STATE of Missouri, Respondent,

v.

Ricky J. GOODLOE,
Defendant/Appellant.

No. ED 91807.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 24, 2009.

Rehearing Denied July 2, 2009.

Ricky J. Goodloe, Tipton, MO, pro se.

Chris Koster, Atty. Gen., Jamie Pamela Rasmussen, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant, Ricky J. Goodloe, appeals from an order of the Circuit Court of St. Louis County denying his motion for credit toward his prison sentence for time served while on probation and parole. We dismiss the appeal for lack of a final, appealable judgment.

The defendant was charged with second-degree domestic assault in 2001. Consequently, he was jailed for violating his parole on an earlier conviction and spent 39 days in the county jail awaiting return to the Department of Corrections and parole revocation. The defendant pleaded guilty to the domestic-assault charge, and the court placed him on three years' supervised probation. The court revoked the defendant's probation after repeated violations. The defendant filed a motion for credit for time served. He sought credit for the 39 days spent in the county jail while on parole in 2001 and credit for 57 days spent in custody awaiting probation revocation in 2007. The trial court denied the defendant's motion by handwritten notation on the motion, and the defendant appeals.

The order denying the defendant's motion is not appealable because no statutory authority exists for the appeal. *State v. Decker*, 194 S.W.3d 879, 880 (Mo. App. E.D.2006). Section 547.070 RSMo. (2000) provides for an appeal in criminal cases where there is a "final judgment." A final judgment in a criminal case occurs only when sentence is entered. *Id.* at 880–81; *State v. Dunn*, 103 S.W.3d 886, 887 (Mo.App. E.D.2003).

Here, the defendant appeals from a post-conviction order denying his request for credit for time served while on parole

and later while on probation. The order imposed no sentence and so is not a "final judgment" for purposes of appeal. *Decker*, 194 S.W.3d at 881. *See also, Dunn*, 103 S.W.3d at 887 ("[A] defendant does not have the right to appeal from the trial court's refusal to credit probation time towards his sentence.").

We dismiss the appeal for lack of a final, appealable judgment.

ROY L. RICHTER, P.J., and GEORGE W. DRAPER, J., concur.