James MAZUR, Petitioner–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 29414.

Missouri Court of Appeals,
Southern District,
Division Two.

June 2, 2009.

James Mazur, pro se.

Chris Koster, Attorney General, and Caroline M. Coulter, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Chief Judge.

James Mazur ("Movant") appeals the trial court's denial of his *pro se* motion seeking credit, pursuant to section 558.031,[1] for time he was released on bond while the underlying criminal charge was pending. Finding that there is no final, appealable judgment, this Court dismisses the appeal.

### Factual and Procedural Background

The following facts are taken, in part, from the statement of facts as presented, and thus conceded, by the State. A felony complaint against Movant was filed on June 30, 2005, alleging one count of statutory sodomy in the first degree, pursuant to section 566.062, RSMo 2000. Thereaf-

ter, Movant was released on bond. After the State filed an information amending the charge to child molestation in the first degree, under section 566.067, RSMo 2000, Movant entered a guilty plea to the amended charge on June 1, 2007. He was sentenced to five years' incarceration in the Department of Corrections on August 16, 2007.

On August 5, 2008, Movant filed a *pro se* "Motion for Declaratory Judgment and Injunctive Relief of 23 Months Bond Time" in the Circuit Court of Taney County, under his criminal case number. In suggestions supporting his motion, Movant requested that the circuit court conduct a "custody equivalency test," asserting that the twenty-three months during which he was released on bond should be credited toward the service of his sentence pursuant to section 558.031, as he was essentially in custody, in that he was "a ward of the court." Movant further requested that the circuit court credit twenty-three months while on bond against the term of his five-year sentence.

A September 4, 2008, docket entry reflects that an order was entered stating: "Motion for credit of bond time reviewed and denied. Mark Orr, Judge/sd." On October 2, 2008, Movant filed a motion to proceed *in forma pauperis*. A docket entry for October 20, 2008, states: "Motion to proceed in forma pauperis heard and sustained. Judgment Entered. Declaratory Judgment filed."

The "Declaratory Judgment" filed by the circuit court on October 20, 2008, reads as follows:

> Petitioner submitted to this court a motion for Declaratory Judgment seeking injunctive relief of bond time be credited towards [sic] this court's imposed sentence in the above styled cause, pursu-

---

1. References to section 558.031 are to RSMo 2000, unless otherwise indicated.

ant to Mo. Supreme Court Rule 87, under RSMo. 558.031.

This court considered the pro se motion and denies the same. THIS JUDGMENT IS FINAL.

This appeal followed.

### *Discussion*

On appeal, Movant contends that the trial court erred in denying his motion, in that for the twenty-three months he was out on bond, he was essentially "in custody."

"Section 558.031 governs jail time credit." *State ex rel. Nixon v. Kelly,* 59 S.W.3d 542, 544 (Mo.App.2001). Relevant to the claim raised here, section 558.031 provides that upon the commencement of a sentence of imprisonment, credit "for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense[ ]" shall be credited toward the service of a sentence of imprisonment. Section 558.031.1.

An order denying a motion seeking credit pursuant to section 558.031 is not an appealable order because there is no statutory authorization for such an appeal. *State v. Goodloe,* 285 S.W.3d 769, 2009 WL 755374, at *1 (Mo.App. March 24, 2009); *State v. Decker,* 194 S.W.3d 879, 880 (Mo.App.2006). In *Decker,* the Eastern District of this Court held:

> Section 547.070, RSMo 2000, provides only for an appeal in criminal cases if

there is a "final judgment." Final judgment only occurs in a criminal case when the sentence is entered. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). Defendant is appealing from a post-conviction order denying his request to credit time served on house arrest toward his sentence. This is not an appealable order, because it is not a "final judgment" for purposes of appeal. *See Pair v. State,* 174 S.W.3d 10, 11 (Mo.App. E.D.2005) (no appeal from post-conviction motion for release on house arrest); *State v. Sturdevant,* 143 S.W.3d 638 (Mo.App. E.D.2004) (no appeal from denial of petition for release after 120 days); and *State v. Stout,* 960 S.W.2d 535, 536 (Mo.App. E.D.1998) (no appeal from denial of order denying reduction of sentence).

*Decker,* 194 S.W.3d at 880.

The State raised this issue in its respondent's brief and Movant offered no response, as he did not file a reply brief. This Court finds no fault with the Eastern District's analysis in *Decker* and determines that pursuant to that analysis, the appeal should be dismissed.[2]

### *Decision*

The appeal is dismissed.

BURRELL, P.J., and RAHMEYER, J., concur.

2. Movant's remedy, if any, in seeking credit under section 558.031 is either through a petition for declaratory judgment against the Department of Corrections or a petition for an extraordinary writ. *Decker,* 194 S.W.3d at 881. While Movant used the phrase "declaratory judgment" in the style of his motion, he did not seek to join the Department of Corrections as a party nor did he seek any relief against the Department. As best this Court can decipher Movant's motion, he seeks only a judgment of the trial court granting him credit against his sentence for the time he was out of jail on bond while the charge against him was pending. Regardless of how it was styled, Movant's motion as presented to the trial court was a motion for credit under section 558.031.