**STATE of Missouri, Respondent,**

v.

**Melvin Leroy TYLER, Appellant.**

**No. WD 73322.**

Missouri Court of Appeals,
Western District.

Aug. 9, 2011.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 2011.

**431**

Melvin Leroy Tyler, Appellant pro se.

Jayne T. Woods, for Respondent.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, ALOK AHUJA, Judge and KAREN KING MITCHELL, Judge.

VICTOR C. HOWARD, Judge.

Melvin Tyler appeals from the trial court's denial of his pro se "Motion for Appointment of Judge and to Publish Case to Record On Unlawful Sentence." On appeal, Tyler contends that the trial court lacked the authority to enter a conviction and sentence in his case because he had filed a motion to remove the case to federal court, and the trial court had not received a remand back from the federal court. Tyler's appeal is dismissed.

**Factual and Procedural Background**

In 1977, Melvin Tyler was convicted after a jury trial of robbery in the first degree, rape, kidnapping, and armed criminal action. Those convictions were affirmed on direct appeal. *See State v. Tyler*, 587 S.W.2d 918 (Mo.App. W.D.1979). Tyler filed multiple motions for post-conviction relief challenging his convictions and sentences. Each motion was denied, and those denials were affirmed on appeal. *See Tyler v. State*, 794 S.W.2d 252 (Mo. App. W.D.1990); *Tyler v. State*, 941 S.W.2d 856 (Mo.App. W.D.1997); *Tyler v. State*, 994 S.W.2d 50 (Mo.App. W.D.1999); *State v. Tyler*, 224 S.W.3d 89 (Mo.App. W.D.2007).

On February 18, 2010, Tyler filed a motion as part of his criminal case, which was entitled "Motion for Appointment of Judge and to Publish Case to Record On Unlawful Sentence." The motion in its entirety stated the following:

Comes now Melvin Leroy Tyler, defendant says he has pending motions challenging the unlawful sentences imposed. These said sentences were un-

lawful. Tyler request[s] a judge be assigned and in support cites the case of *Weir v. State*, 2010 Mo.App. Lexis 78 (Mo. App, WD 2010).

Wherefore, defendant prays judge be assigned and the issues disposed of. Publish this case to the record.

Under Weir, supra, VAMR 91.06 the court has a duty to examine the sentences in light of Tyler's challenge.

The trial court denied Tyler's motion, finding that a judge had already been assigned to the case and that Tyler's request to "Publish this case to the record" had no legal or equitable significance. The court further found that it did not have a duty under Rule 91.06 to issue a writ of habeas corpus because Tyler had produced no evidence showing that his sentences were unlawful. Tyler filed a motion to vacate, modify, or correct the trial court's judgment denying his motion in which he reiterated that "[t]here are pending motions attacking the original jurisdiction and unlawful sentences imposed in [his case], to which [Rule 91.06 and section 532.070] would apply." Tyler again requested that a judge be assigned to his criminal case to address pending motions challenging his sentences. The trial court denied the motion. This appeal by Tyler followed.

### Discussion

■ As a preliminary matter, the State argues that Tyler's appeal should be dismissed because there is no statute providing a right of appeal from a motion such as the one filed by Tyler. Where there is no final, appealable judgment, this court lacks authority to consider an appeal. *See State v. Hubbard*, 245 S.W.3d 918, 918–19 (Mo. App. E.D.2008). Therefore, prior to addressing the merits of Tyler's appeal, we must consider whether Tyler had a right to appeal from the trial court's judgment.

■ There is no right to appeal without statutory authority. *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). In a criminal case, a defendant may appeal from a "final judgment rendered upon any indictment or information." § 547.070, RSMo 2000. A final judgment occurs only when a sentence is entered. *Williams*, 871 S.W.2d at 452. Therefore, where a defendant is not appealing from the judgment of conviction and sentence, but rather from some other post-conviction order, that order is not a "final judgment" in the criminal case for purposes of appeal. *See, e.g., State v. Goodloe*, 285 S.W.3d 769, 769–70 (Mo.App. E.D.2009) (dismissing appeal for lack of a final, appealable judgment where the defendant appealed from a post-conviction order denying his request for credit for time served while on probation); *Pair v. State*, 174 S.W.3d 10, 11 (Mo.App. E.D. 2005) (dismissing appeal for lack of a final, appealable judgment where the defendant appealed from an order denying her post-conviction motion for release on house arrest); *State v. Sturdevant*, 143 S.W.3d 638, 638–39 (Mo.App. E.D.2004) (dismissing appeal for lack of a final, appealable judgment where the defendant appealed from an order denying a petition for early release).

■ Here, Tyler filed a post-conviction motion in his criminal case requesting that a judge be assigned to his case to rule on Tyler's pending motions challenging the lawfulness of his sentences. Tyler now attempts to appeal the denial of that motion. However, where the trial court's judgment on Tyler's post-conviction motion did not impose a sentence, it was not a final judgment for purposes of appeal. *See Goodloe*, 285 S.W.3d at 770.

Tyler appears to argue that this court has the authority to hear his appeal because the trial court treated his motion as

a petition for a writ of habeas corpus. However, even if the trial court's ruling could be construed as a denial of a petition for such a writ, the "denial of a petition for writ of habeas corpus is not appealable." *Brown v. State,* 66 S.W.3d 721, 732 (Mo. banc 2002). "Rather, if the petitioner believes a writ should have issued, the remedy is to file a new petition in a higher court[.]" *Id.*; *see also Weir v. State,* 301 S.W.3d 136, 139 (Mo.App. W.D.2010) (noting that the "proper procedure following the denial of a petition for a writ of habeas corpus is to file a new petition in the appellate court").

Tyler further contends that the trial court treated his motion as a petition for a writ of habeas corpus and that this court should treat his appeal as if it were a new petition for a writ filed in this court. The Missouri Supreme Court has noted that where a trial court treats a movant's motion as a petition for habeas, an appellate court may treat an appeal from the denial of the motion as a new petition for habeas in the appellate court. *See Brown,* 66 S.W.3d at 732 n. 8. However, the circumstances of this case show that Tyler's motion was not a petition for a writ of habeas corpus and the trial court was unable to treat it as such.

In its judgment, the trial court noted that Tyler had not produced any evidence showing that his sentences were unlawful. Tyler did not file any suggestions in support of his motion. Furthermore, the motion itself does not appear to challenge his sentences. Rather, the motion merely requests the appointment of a judge to dispose of issues raised in Tyler's "pending motions challenging the unlawful sentences imposed." Tyler's motion to vacate the trial court's judgment also refers to "pending motions attacking the original jurisdiction and unlawful sentences imposed" in his criminal case. It is unclear what mo-

tions Tyler refers to and whether they have been ruled upon.

Where Tyler did not raise any grounds for habeas relief in his motion and instead merely requested the assignment of a judge to dispose of other pending motions, we decline to *sua sponte* treat his appeal as a new petition for a writ of habeas corpus filed with this court. *See Brown,* 66 S.W.3d at 732.

Tyler's appeal is dismissed for lack of a final, appealable judgment.

All concur.