**Carlos WADE, Sr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 98298.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 20, 2012.

Carlos D. Wade, Sr., Bonne Terre, MO, Acting Pro Se.

Jessica P. Meredith, Jefferson City, MO, for Plaintiff/Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Carlos Wade, Sr. (Appellant) appeals from the circuit court's denial of his Sunshine Law Motion to Obtain 911 Tape from the St. Louis Police Department. We dismiss the appeal for lack of a final, appealable judgment.

*Factual and Procedural Background*

Appellant was charged by indictment with one count of first-degree murder, two counts of first-degree assault, and three counts of armed criminal action. The jury convicted Appellant on all counts and the court sentenced Appellant to consecutive terms of life without eligibility for probation or parole for murder, fifteen years for each count of assault, and thirty years for each count of armed criminal action. This court affirmed Appellant's convictions and sentences on appeal. *State v. Wade,* 998 S.W.2d 95 (Mo.App. E.D.1999).

Appellant subsequently filed a Rule 29.15 motion for post-conviction relief. *Wade v. State,* 42 S.W.3d 842 (Mo.App. E.D.2001). The motion court denied his motion and this Court affirmed the denial on appeal. *Id.*

On August 17, 2011, Appellant filed a Motion to Obtain 911 Tape From St. Louis Police Department. Appellant filed the motion under the cause number for his original criminal trial, No. 22951–04326A. Appellant sought an order from the court giving him permission to obtain 911 tape recordings related to his criminal convic-

tion. On February 10, 2012, the court denied Appellant's motion. This appeal follows.

## Point Relied On

On appeal, Appellant argues the circuit court erred in denying his motion for an order to obtain the 911 tape recording of the St. Louis Metropolitan Police Department under the Missouri Sunshine Law Sections 610.100[1] and 610.200, because the information contained in the recording would have impeached the State's witness, Angela Hickman, and refuted the State's entire case had it been disclosed; and it is in clear violation of Appellant's Sixth and Fourteenth Amendment rights of the United States Constitution and Article I, Sections 2, 10, and 18(a) of the Missouri State Constitution, resulting in fundamental unfairness.

## Discussion

Pursuant to Section 610.150, information acquired by law enforcement agencies via 911 calls are inaccessible to the general public. However, these closed records are available pursuant to a valid court order authorizing disclosure upon motion and good cause shown. Section 610.150.

"Any person may bring an action pursuant to this section in the circuit court having jurisdiction to authorize disclosure of the information contained in an investigative report of any law enforcement agency, which would otherwise be closed pursuant to this section. The court may order that all or part of the information contained in an investigative report be released to the person bringing the action." Section 610.100.5. An aggrieved party may seek judicial enforcement of Sections 610.010 to 610.026 by bringing a suit against the public governmental body in the circuit court for the county in which the public governmental body has its principal place of business. Section 610.027.1.

Appellant did not bring a suit against the St. Louis Metropolitan Police Department under the Sunshine Law as required by Section 610.027. Instead, he filed a motion in his original criminal proceeding.

An appeal in criminal cases arises only where there is a "final judgment." Section 547.070, *State v. Goodloe*, 285 S.W.3d 769 (Mo.App. E.D.2009). In a criminal case a "final judgment" occurs only when sentence is entered. *Goodloe*, 285 S.W.3d 769. Here, Appellant appeals from the denial of motion filed years after his conviction and sentence was entered. The court's denial imposed no sentence and, therefore, is not a "final judgment" for purposes of appeal. We dismiss the appeal for lack of a final, appealable judgment.

## Conclusion

Appellant's appeal is dismissed.

CLIFFORD H. AHRENS, P.J., and GLENN A. NORTON, J., concur.

1. All statutory references are to RSMo.2006, unless otherwise indicated.