

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| **STATE OF MISSOURI,** | **WD82674** |
| **Respondent,** | |
| v. | **OPINION FILED:** |
| **STEVEN WAYNE COOPER,** | **MARCH 3, 2020** |
| **Appellant.** | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Kevin D. Harrell, Judge**

**Before Division One: Thomas N. Chapman, Presiding Judge, Mark D. Pfeiffer, Judge,**
**Anthony Rex Gabbert, Judge**

Steven Wayne Cooper appeals from a judgment denying his "First Amended Motion to Dismiss Charges as Unconstitutional and Summary Judgment on the Pleadings." He raises two points on appeal which we dismiss.

Cooper was charged by way of felony Information with one count of the class D felony of failure to register as a sex offender in violation of Section 589.400 and Section 589.425, for allegedly failing to register after having been found guilty of the class B felony of sexual abuse in the first degree prior to March 8, 2013. On October 1, 2018, Cooper filed a "First Amended Motion to Dismiss Charges as Unconstitutional and Summary Judgment on the Pleadings." On December

13, 2018, the court entered Judgment denying Cooper's motion and Cooper appeals. The charges against Cooper remain pending before the Jackson County Circuit Court with a jury trial scheduled for April 6, 2020.

"An appeal in criminal cases arises only where there is a 'final judgment.'" *Wade v. State*, 386 S.W.3d 201, 202 (Mo. App. 2012); *See* Section 547.070, RSMo 2016 and Rule 30.01.[1] "In a criminal case a 'final judgment' occurs [] when a sentence is entered." *Wade*, 386 S.W.3d at 202. "Additionally in a criminal case, a judgment is final when the trial court enters an order of dismissal or discharge of the defendant prior to trial which has the effect of foreclosing any further prosecution of the defendant on a particular charge [.]" *State v. Burns*, 994 S.W.2d 941, 942 (Mo. banc 1999). Here, Cooper was allowed to withdraw a guilty plea to the charges and his case remains pending in the circuit court. There is no judgment and sentence from which Cooper may appeal. Rather, Cooper seeks an improper interlocutory appeal of the denial of his motion to dismiss. *State v. Liggins*, 133 S.W.3d 563, 564 (Mo. App. 2004).

Cooper argues in his reply brief that, because his motion to dismiss argued the constitutionality of the State's action and was also titled "summary judgment on the pleadings" it is appealable. We disagree. The case cited by Cooper, *State v. Wade*, 421 S.W.3d 429 (Mo. banc 2013), is inapposite as it involved the *grant* of Defendant Peterson and Defendant Carey's motions to dismiss criminal charges on constitutionality grounds and was, therefore, final and appealable by the State because it foreclosed further prosecution by the State. (Defendant Wade's motion to dismiss criminal charges was denied and his case proceeded to final judgment and sentencing.) *Id.* at 431. Further, although a summary judgment motion is civil in nature and not criminal, even if

---

[1] All rule references are to the Missouri Court Rules (2019) unless otherwise noted.

Cooper's motion had been properly before the court as a motion for summary judgment, denial of that motion would also be unreviewable. ("Generally, a trial court's denial of either a motion to dismiss or a motion for summary judgment is not a final judgment and is not reviewable." *Matter of Care and Treatment of Lester Bradley v. State*, 554 S.W.3d 440, 450 n.5 (Mo. App. 2018) (internal quotation marks and citations omitted); "The denial of a motion for summary judgment is not subject to appellate review, even when an appeal is taken from a final judgment[.]" *Gamble v. Browning*, 277 S.W.3d 723, 729-730 (Mo. App. 2008) (internal quotation marks and citations omitted)).

We dismiss this appeal for lack of a final judgment.

_____
Anthony Rex Gabbert, Judge

All concur.