**STATE of Missouri, Respondent,**

v.

**Ray FAMOUS, Appellant.**

No. ED 99716.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 10, 2013.

Ray Famous, Mineral Point, MO, Pro Se, for appellant.

Chris Koster, Atty. Gen., Andrew C. Hooper, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The defendant, Ray Famous, appeals from an order of the Circuit Court of St. Louis County denying his petition for credit toward his prison sentence for time served while on probation. We dismiss the appeal for lack of a final, appealable judgment.

The State charged the defendant with five counts of forgery and, in a separate case, with one count of stealing a credit card. In 1999, the defendant pleaded guilty to all six charges. The circuit court sentenced the defendant as a prior and persistent offender to ten years of imprisonment on each charge, all sentences to be served concurrently, suspended execution of the sentences, and placed the defendant on five years of probation. In 2002, a probation revocation request was filed, the defendant's probation was suspended, and a warrant was issued. Following the defendant's arrest on unrelated charges, the circuit court revoked the defendant's probation in 2008 and executed his prison sentences. Four years later, the defendant filed a petition with the circuit court seeking credit for time he spent on probation. Specifically, the defendant sought credit for 1,133 days he asserted that he spent in the county jail on work release, home monitoring confinement, and enhanced supervision. The trial court denied the defendant's petition, and the defendant appeals.

The order denying the defendant's petition is not appealable because no statutory authority exists for such an appeal. *State v. Goodloe*, 285 S.W.3d 769, 769 (Mo.App. E.D.2009). Section 547.070 RSMo. (2000) provides for an appeal in criminal cases where there is a "final judgment." A final judgment occurs in a criminal case only when sentence is entered. *Id.*

Here, the defendant appeals from a post-conviction order denying his request for credit for time served while on probation. The order imposed no sentence and thus does not constitute a "final judgment" for purposes of appeal. *Id.* at 770. *See also, State v. Dunn*, 103 S.W.3d 886, 887 (Mo.App. E.D.2003) ("[A] defendant does not have the right to appeal from the trial court's refusal to credit probation time towards his sentence.").

We dismiss the appeal for lack of a final, appealable judgment.

ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J., concur.