

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33207 |
| | ) | |
| ANNE LOUISE CURRIE, | ) | **Filed: June 23, 2014** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Circuit Judge

## AFFIRMED

Anne Louise Currie ("Defendant") appeals from the trial court's denial of her motion seeking an order *nunc pro tunc*. Defendant's arguments are based on the failure to recognize that her case is governed by Section 558.019[1] rather than by Section 558.016 and Section 558.021, RSMo (2000). Because Defendant's arguments are without merit, we affirm the trial court's order.

## Factual and Procedural Background

In 2001, Defendant was charged with first-degree robbery after she held up a beauty shop at gunpoint. Defendant subsequently pleaded guilty without the benefit of a plea agreement. On August 30, 2002, the trial court sentenced

---

[1] Unless otherwise indicated all statutory references are to RSMo Cum. Supp. (2013).

Defendant to 18 years in the Missouri Department of Corrections. The judgment stated Defendant "was not charged as a prior, persistent or class X offender."

Defendant received a letter dated August 15, 2013, regarding her parole eligibility from a records officer of the Department of Corrections. That letter stated:

> Your crime, Robbery 1st Degree, is a Dangerous Felony as defined by RSMo 556.061 subsection (8).
>
> RSMo 558.019.3 states in part . . . "any offender who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court . . ."
>
> You pled guilty to the charge of Robbery 1st Degree on June 28, 2002. As defined in statute, your charge is a dangerous felony and you are required to serve 85% before you are eligible for parole.

On October 17, 2013, Defendant filed a motion for an order *nunc pro tunc*, requesting the trial court to direct the Department of Corrections that her "sentence is not to be executed as an extended sentence as a prior, persistent or dangerous offender status." In support, Defendant alleged she had not been charged under Section 558.021, RSMo (2000), and the Department of Corrections had "reclassified [her] case" to require her to serve eighty-five percent of her sentence before becoming eligible for parole. Defendant attached to her petition a copy of the August 15 letter and a copy of the judgment in her criminal case.

On November 26, 2013, the trial court denied the motion. This appeal follows.

**Discussion**

Defendant raises two points on appeal. In her first point, Defendant argues the trial court abused its discretion in denying her motion for an order *nunc pro tunc* because the Missouri Department of Corrections altered the judgment in Defendant's case to add a dangerous offender designation. In her second point, Defendant argues the trial court abused its discretion in denying Defendant's motion for an order *nunc pro tunc* because any statute or regulation granting the Missouri Department of Corrections the authority to alter a criminal judgment violates due process. Both of these points fail because they rely on the same misunderstanding of the statutory framework. When the facts of this case are viewed in light of a correct understanding of the statutory framework, it is clear the Missouri Department of Corrections did not alter the judgment in Defendant's case.

This Court reviews the denial of a motion for an order *nunc pro tunc* for an abuse of discretion. *See* **State v. Young**, 235 S.W.2d 369, 370-71 (Mo. 1950). Clerical errors in the sentence and judgment in a criminal case may be corrected by an order *nunc pro tunc* where the written record does not reflect what was actually done. Rule 29.12(c)[2]; **State v. Carroll**, 207 S.W.3d 140, 142 (Mo. App. E.D. 2006). Such orders are appropriate where the decision of the trial court as announced in open court is inaccurately recorded. **State v. Kerns**, 389 S.W.3d 244, 248 (Mo. App. S.D. 2012).

Here, the actions taken in court were not inaccurately recorded. Defendant was not charged as a prior, persistent, or dangerous offender. The

---

[2] All rule references are to Missouri Court Rules (2013).

3

State presented no proof of prior convictions at either the guilty plea hearing or the sentencing hearing, and Defendant was not sentenced as a prior, persistent, or dangerous offender. The judgment specifically states Defendant "was not charged as a prior, persistent or class X offender." The judgment reflects what actually happened in court, so no order *nunc pro tunc* was necessary.

Defendant's arguments to the contrary rest on a misunderstanding of the applicable statutes. As Defendant points out, before an offender can be sentenced to an extended term of incarceration as a prior, persistent, or dangerous offender, the prosecution must plead and prove beyond a reasonable doubt the facts sufficient to support a finding that the defendant is a prior, persistent, or dangerous offender.[3] § 558.021.2, RSMo (2000); *see also* **Scharnhorst v. State**, 775 S.W.2d 241, 244 (Mo. App. W.D. 1989). If the trial court finds the defendant to be a persistent or dangerous offender the maximum term of imprisonment is extended. *See* § 558.016.7.

Parole eligibility, however, is governed by a different statute. Section 558.019 states the percentages of a sentence that must be served before an offender may become eligible for parole. *See* § 558.019.5 ("For purposes of this section, the term 'minimum prison term' shall mean time required to be served by the offender before he or she is eligible for parole, conditional release or other early release by the department of corrections."). That statute does not speak in

---

[3] After the briefing on appeal was completed, Defendant filed a motion to take judicial notice asking this Court to consider the recently decided case of **State v. Norman**, --- S.W.3d ----, ED99620, 2014 WL 2109076 (Mo. App. E.D. May 20, 2014). We grant Defendant's motion, but the reasoning in **Norman** does not change the result in this case. **Norman** involved a claim that the defendant had been improperly sentenced under Section 558.021, RSMo (2000). **Norman**, *supra*, slip op. at 11-12. As discussed above, Defendant's case is not governed by Section 558.021, RSMo (2000), but by Section 558.019. Since **Norman** applied a different statute, it is not applicable to this case.

terms of whether the defendant is a prior, persistent, or dangerous offender.

Rather, that statute applies based on the number of prior prison commitments

the offender has or the type of offense for which the offender was sentenced.

§§ 558.019.2, 558.019.3.  As applicable to this case, Section 558.019 provides

that:

> [o]ther provisions of the law to the contrary notwithstanding, any offender who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061 and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

§ 558.019.3.  That statute does not require a separate finding by the trial court.

Defendant's arguments do not recognize the difference between these two

statutes.  Section 558.019 and Section 558.016 use similar language:  Section

558.016 authorizes "an extended *term* of imprisonment" under certain

circumstances while Section 558.019 regulates the "minimum prison *terms*"

under certain other circumstances. *Compare* § 558.016.1 (emphasis added) *with*

§ 558.019.2 (emphasis added).  Without looking at the statutory definitions, it

would appear the two sections both govern prison "terms" and should be

interpreted together.

However, as noted above, Section 558.019 contains a definition of

"minimum prison term" which makes clear that Section 558.019, in contrast to

Section 558.016, governs parole eligibility rather than the length of the sentence.

*See* § 558.019.5 ("For purposes of this section, the term 'minimum prison term'

shall mean time required to be served by the offender before he or she is eligible

5

for parole, conditional release or other early release by the department of corrections."). As Defendant correctly points out, Defendant is not subject to an extended term of imprisonment under Section 558.016 because the prosecution did not plead and prove she was a persistent or dangerous offender. However, the pleading and proof requirements of Section 558.021, RSMo (2000), do not apply to the parole eligibility guidelines enunciated in Section 558.019, as they do to the prior and persistent offender designations under Section 558.016, because Section 558.019 does not mention Section 558.021, RSMo (2000), or prior, persistent, or dangerous offender status. Because of this difference, Defendant was required to serve eighty-five percent of her sentence automatically as a matter of law once she was convicted of first degree robbery. No additional judicial finding was necessary.

Here, Defendant's crime, first-degree robbery, is one of the crimes referred to in Section 558.019.3 requiring the offender to serve eighty-five percent of his or her sentence before becoming eligible for parole. *See* §§ 556.061(8); 558.019.3. Thus, based on the crime of which she was convicted, Defendant must serve eighty-five percent of her sentence before becoming eligible for parole. § 558.019.3. That requirement is not based on a prior, persistent, or dangerous offender designation, and the August 15 letter did not alter Defendant's sentence in any way. As the facts Defendant alleged are simply incorrect, the trial court did not abuse its discretion in denying Defendant's motion for an order *nunc pro tunc*.

Defendant's points are denied.

6

## Decision

The trial court's denial of Defendant's motion is affirmed.


MARY W. SHEFFIELD, J. - OPINION AUTHOR

JEFFREY W. BATES, P.J. - CONCURS

GARY W. LYNCH, J. - CONCURS