

# Missouri Court of Appeals

### Southern District

### Division One

STATE OF MISSOURI,                    )
                                      )
            Respondent,               )
                                      )
    vs.                               )    No. SD34154
                                      )
MONTIA McCAULEY,                      )    FILED: May 2, 2016
                                      )
            Appellant.                )

## APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

### Honorable Samuel R. Barker, Judge

## APPEAL DISMISSED

Montia McCauley filed a Rule 29.12(c) *nunc pro tunc* motion regarding his six-year-old judgment of conviction.[1] The motion was denied, McCauley appealed, we dismissed for lack of statutory authority, then reinstated the appeal to consider McCauley's further arguments against dismissal. Having carefully considered those arguments, we again dismiss the appeal.

---

[1] Unless otherwise indicated, rule references are to Missouri Court Rules (2015), Rules 19-36 of which are titled "Rules of Criminal Procedure" and Rules 41-103 are titled "Rules of Civil Procedure" (herein "Criminal" and "Civil" Rules respectively). Statutory citations are to RSMo 2000.

McCauley's appellate theory hinges upon characterizing this as a civil matter, the civil appeal statute being broader than its criminal counterpart. Thus we begin by summarizing the procedural background, selected *nunc pro tunc* principles, and differences in scope between criminal and civil appeals.

## Background

In 2009, McCauley pleaded guilty to four felonies and received concurrent 30-year terms. His Rule 24.035 post-conviction motion was denied after an evidentiary hearing and we affirmed by Rule 84.16(b) order in 2012.

Six years after his plea and three years after losing his Rule 24.035 appeal, McCauley filed a Rule 29.12(c) motion charging in part that the judgment misstated the charges to which he pleaded guilty. He appealed the judgment denying that motion and we dismissed *sua sponte* based on these principles:

- "There is no right to an appeal without statutory authority." ***State v. Sturdevant***, 143 S.W.3d 638, 638 (Mo.App. 2004).

- In criminal cases, appeal lies only from a final judgment, § 547.070, which occurs "only when a sentence is entered." ***State v. Famous***, 415 S.W.3d 759, 759 (Mo.App. 2013).

- "Orders entered in criminal cases after the judgment has become final which deny motions requesting various types of relief are not appealable." ***State v. Payne***, 403 S.W.3d 606, 607 (Mo.App. 2011) (collecting cases).

Upon McCauley's motion, however, we reinstated the appeal and directed the parties to brief the issues of our statutory authority and appellate jurisdiction.[2]

---

[2] McCauley reads too much into a few appeals that addressed Rule 29.12(c) rulings without discussing authority to do so, including our recent ***State v. Currie***, 454 S.W.3d 903 (Mo.App. 2014), where this court did not explicitly "examine its jurisdiction *sua sponte*," ***Fannie Mae v. Truong***, 361 S.W.3d 400, 403 (Mo. banc

2

### ***Nunc Pro Tunc* Principles**

*Nunc pro tunc* in criminal cases is governed by Rule 29.12(c) and in civil cases by Rule 74.06(a). Per rule text and case law, the two rules operate similarly and essentially codify the common-law remedy. *Compare* **McGuire v. Kenoma, LLC**, 447 S.W.3d 659, 662-65 (Mo. banc 2014), and **Pirtle v. Cook**, 956 S.W.2d 235, 240-41 (Mo. banc 1997), both construing Rule 74.06(a), *with* **State v. Lawrence**, 139 S.W.3d 573, 576 (Mo.App. 2004), construing Rule 29.12(c) and citing **Pirtle**.

Whether in a criminal or civil context, *nunc pro tunc* relief lies "at any time," Rules 29.12(c), 74.06(a), because a court is deemed "to have continuing jurisdiction over its records. This jurisdiction exists independently from the court's jurisdiction over its cause or its judgment." **Pirtle**, 956 S.W.2d at 240.

*Nunc pro tunc* relief is so narrowly prescribed and so strictly confined to the record that it creates no new judgment, but relates back to the original judgment. **McGuire**, 447 S.W.3d at 663-64, **Pirtle**, 956 S.W.2d at 241-42; **Lawrence**, 139 S.W.3d at 576. That is, "a nunc pro tunc judgment is not a 'judicial declaration of the parties' rights' but merely a judicial power to ensure the accuracy of its own records.'" **McGuire**, 447 S.W.3d at 663 (quoting **Pirtle**, 956 S.W.2d at 242).

### **Civil Appeal Statute Broader than Criminal Counterpart**

*Criminal appeals*: Per § 547.070, appeal is *only* from a final judgment rendered upon indictment or information. Nearly all rulings after the judgment and

---

2012). Although it does not affect our analysis, statutory or appellate "authority" may be a more accurate term than "jurisdiction." *See* analysis in **Mercer v. State**, No. SD33779, 2015 WL 9481403 (Mo.App. Dec. 29, 2015) (Rahmeyer, J., dissenting), *transferred per Rule 83.03 to Mo. Sup. Ct. on December 29, 2015.*

sentence are *non*-appealable. *See, e.g.*, **Famous**, 415 S.W.3d at 759 (petition for probation-time credit); **Payne**, 403 S.W.3d at 607 (motion to vacate conviction, alleging actual innocence); **State v. Vaughn**, 391 S.W.3d 487, 487 (Mo.App. 2013) (order granting § 559.115 probation); **State v. Ferrell**, 317 S.W.3d 688, 689 (Mo.App. 2010) (order denying § 559.115 probation); **State v. Goodloe**, 285 S.W.3d 769, 769-70 (Mo.App. 2009) (order denying motion for jail-time credit); **State v. Mahurin**, 207 S.W.3d 662 (Mo.App. 2006) (order denying § 217.362 probation release); **State v. Smith**, 204 S.W.3d 697, 697-98 (Mo.App. 2006) (order denying motion for hearing *de novo* ); **State v. Decker**, 194 S.W.3d 879, 881 (Mo.App. 2006) (request to credit house-arrest time against sentence); **Pair v. State**, 174 S.W.3d 10, 11 (Mo.App. 2005) (motion for release on house arrest); **Sturdevant**, 143 S.W.3d at 638-39 (motion for early release per § 558.016.8); **Vernor v. State**, 30 S.W.3d 196, 197 (Mo.App. 2000) (order denying Rule 29.12(b) motion); **State v. Stout**, 960 S.W.2d 535, 536 (Mo.App. 1998) (denial of § 558.046 request for sentence reduction).[3]

*Civil appeals*: By contrast, § 512.020 authorizes civil appeals in several situations, including from a final judgment or from any "special order after final

---

[3] Three exceptions are motions under Criminal Rules 24.035, 29.07(d), and 29.15, which for historical reasons dating back to at least 1967 are treated as collateral *civil* claims as explained in **Brown v. State**, 66 S.W.3d 721, 724-731 (Mo. banc 2002), *disagreed with on unrelated grounds by* **State ex rel. Zinna v. Steele**, 301 S.W.3d 510, 517 (Mo. banc 2010). Rules 24.035(a) and 29.15(a) expressly provide for civil-rules procedure to apply to those proceedings insofar as possible.

judgment." § 512.020(5).  This broader statutory authority for civil appeals is central to McCauley's claim of direct appealability.

<h2 style="text-align:center">Claim on Appeal / Analysis</h2>

McCauley asserts no right under the criminal appeal statute. Rather, he calls this a "civil matter" and claims the court's ruling was either a final judgment or a special order after final judgment appealable under the civil appeal statute, § 512.020(5).

McCauley's final-judgment theory fails. Our supreme court in **McGuire** reiterated that *nunc pro tunc* creates no new judgment, which undercuts McCauley's reliance on older authority.

But a *nunc pro tunc* ruling in a civil case *may* be an appealable "special order after final judgment" under the civil appeal statute. *See **Earhart v. A.O. Thompson Lumber Co**.,* 140 S.W.2d 750, 754 (Mo. App 1940) (so indicating under § 512.020's predecessor); 24 Missouri Practice, *Appellate Practice* § 4.7 (2d ed., 2001) (appealable special orders after final civil judgment include those on Civil Rule 74.06 motions to correct clerical error). Indeed, **McGuire** and **Pirtle** were decided as direct civil appeals.

Yet even if such civil rulings are appealable, we reject McCauley's portrayal of his motion as a "civil matter." That motion bore a criminal case number; was filed in a criminal case; addressed a judgment of criminal conviction; and invoked Rule 29.12(c), a rule of criminal procedure, as its basis for relief.  We take it for what it purports to be:  a post-conviction, criminal-rule motion filed in a criminal case.

5

We see no principled basis to distinguish this case from **Famous**, **Payne**, **Vaughn**, **Ferrell**, **Goodloe**, **Mahurin**, **Smith**, **Decker**, **Pair**, **Sturdevant**, **Vernor,** or **Stout**, especially as writ and perhaps other remedies are adequate to protect the narrowly-limited right that McCauley asserts on appeal. *See* **State v. Williams***,* 871 S.W.2d 450, 452 n.2 (Mo. banc 1994); **Mazur v. State**, 285 S.W.3d 820, 822 n.2 (Mo.App. 2009).[4]  Appeal dismissed.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR

JEFFREY W. BATES, J. –  CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS

---

[4] That civil *nunc pro tunc* rulings can be appealed but criminal *nunc pro tunc* rulings cannot is an inconsistency born of statute that we cannot "fix." "This Court should not, indeed cannot due to constitutional restraints, establish some new rule pertaining to rights of appeal which would be contrary to extant statutory authority." **State v. Lynch**, 679 S.W.2d 858, 862 (Mo. banc 1984), *overruled in an unrelated respect by* **Yale v. City of Independence**., 846 S.W.2d 193, 196 (Mo. banc 1993).