

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | WD79226 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | December 27, 2016 |
| DEMETRIUS C. NELSON, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Charles H. McKenzie, Judge

Before Division Four:  Mark D. Pfeiffer, Chief Judge, Presiding, Thomas H. Newton, Judge and Gary D. Witt, Judge

Demetrius C. Nelson ("Nelson) appeals from the denial by the Circuit Court of Jackson County of his Motion for an Order *Nunc Pro Tunc* ("Motion") under Rule 29.12(c).[1]  Nelson was previously convicted after trial of attempted forcible sodomy, section 566.060,[2] first-degree assault, section 565.050, first-degree burglary, section 569.160, and attempted second-degree robbery, section 569.030.  In his Motion, Nelson

---

[1] All rule references are to Missouri Supreme Court Rules (2016).
[2] All statutory references are to the Revised Statutes of Missouri 2000 as currently supplemented, unless otherwise indicated.

alleged that the trial court's judgment finding him guilty of attempted forcible sodomy mistakenly included that the court found Nelson had physically injured the victim. We dismiss the appeal for lack of statutory authority to hear the issues presented.

## Factual Background

Nelson was charged by information in lieu of indictment of one count of attempted forcible sodomy, one count of first-degree assault, one count of first-degree burglary, and one count of robbery in the second degree. As relevant to Nelson's Motion, the basis for the charge of attempted forcible sodomy was the allegation that Nelson "on or about the 6th day of September, 2009 [ . . . ] put his hands on [Victim's] vagina, and such conduct was a substantial step toward the commission of the crime of forcible sodomy, and was done for the purpose of committing such forcible sodomy."

The cause was heard by the court, and the court found Nelson guilty of all charges. The verdict form stated the following with respect to the charge of attempted forcible sodomy: "Count 1 - the Court finds the defendant Demetrius C. Nelson, guilty of Attempted Forcible Sodomy, a Felony." The judgment issued by the court stated that Nelson was guilty of "Atmpt-Forc Sodmy- w physical inj."

Nelson's Motion argued that the written judgment issued by the court was inconsistent with the actual verdict as a result of a clerical mistake. Nelson alleges that as a result of the inclusion of the "physical injury" language in the verdict he is required to serve a minimum prison term of eighty-five percent of the sentence imposed for the count of attempted forcible sodomy. His Motion requested that the court enter an order correcting the alleged clerical error in the judgment by deleting the language stating that the attempted

2

forcible sodomy included physical injury to the victim. The Motion was denied by the court. Nelson now appeals.

## Analysis

Although the State fails to take a position in briefing regarding this Court's authority to decide this appeal, this Court must do so *sua sponte*. *State v. Lilly*, 410 S.W.3d 699, 701 (Mo. App. W.D. 2013). "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Id*. (quoting *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011)). "If this Court lacks jurisdiction to entertain an appeal, the appeal must be dismissed." *Id*. (quoting *Walker v. Brownel*, 375 S.W.3d 259, 261 (Mo. App. E.D. 2012)).

Nelson appeals from the denial by the circuit court of his Motion for an Order *Nunc Pro Tunc* under Rule 29.12(c). *Nunc pro tunc* motions under Rule 29.12(c) have a very limited purpose.

> Nunc pro tunc emerged as a common law power to allow a court that has lost jurisdiction over a case to maintain jurisdiction over its records to correct clerical mistakes in the judgment arising from either scrivener's errors or from omissions that are indicated in the record but are not recorded in the original judgment. *Pirtle v. Cook*, 956 S.W.2d 235, 240 (Mo. banc 1997). The court retains jurisdiction over its records so that it may "amend its records according to the truth, so that they should accurately express the history of the proceedings which actually occurred prior to the appeal." *DeKalb Cnty. v. Hixon*, 44 Mo. 341, 342 (Mo. 1869).

*McGuire v. Kenoma, LLC*, 447 S.W.3d 659, 663 (Mo. banc. 2014). As such, "a nunc pro tunc judgment is not a 'judicial declaration of the parties' rights' but merely a judicial power to ensure the accuracy of its own records." *Id*. (quoting *Pirtle*, 956 S.W.2d at 242). The relief that may be afforded by a *nunc pro tunc* judgment "is so narrowly prescribed and so

3

strictly confined to the record that it creates no new judgment, but relates back to the original judgment." *See State v. McCauley*, 496 S.W.3d 593, 595 (Mo. App. S.D. 2016) (citing *McGuire*, 447 S.W.3d at 663–64, *Pirtle*, 956 S.W.2d at 241–42; *State v. Lawrence*, 139 S.W.3d 573, 576 (Mo. App. E.D. 2004)).

Recently, the Southern District of this Court held that this Court does not have the authority to consider the appeal of the denial of such a motion in a criminal case. *See McCauley*, 496 S.W.3d 593. The principles supporting the decision in *McCauley* are straightforward.

• In criminal cases "[t]here is no right to an appeal without statutory authority." *State v. Sturdevant*, 143 S.W.3d 638, 638 (Mo. App. E.D. 2004).

• In criminal cases, appeal lies only from a final judgment, § 547.070, which occurs "only when a sentence is entered." *State v. Famous*, 415 S.W.3d 759, 759 (Mo. App. E.D. 2013).

• "Orders entered in criminal cases after the judgment has become final which deny motions requesting various types of relief are not appealable." *State v. Payne*, 403 S.W.3d 606, 607 (Mo. App. S.D. 2011) (collecting cases).

*Id*. at 594.

The Southern District's decision held that we do not have the authority to hear an appeal from the denial of a *nunc pro tunc* motion under Rule 29.12(c) as appeals in criminal cases may *only be from a final judgment* rendered upon indictment or information, section 547.070. As a *nunc pro tunc* judgment, and the refusal by the court to issue such a judgment, creates no new judgment from which there is a statutory right to appeal under section 547.070, this Court does not have the authority to entertain an appeal therefrom. *Id*. This result aligns with numerous other holdings that rulings in criminal cases after

4

judgment and sentence are not appealable, including orders denying probation, jail-time credit, motions for early release, etc. *See McCauley*, 496 S.W.3d at 595 (listing non-appealable rulings in criminal cases following judgment and sentence).

Nelson argues this Court does have the authority to decide this appeal and cites in support a number of cases decided before *McCauley* that did not explicitly address whether this Court has the authority to decide an appeal from the denial of a *nunc pro tunc* motion but rather assumed such authority. *See McArthur v. State*, 428 S.W.3d 774, 781 (Mo. App. E.D. 2014); *State v. Lawrence*, 139 S.W.3d 573, 576 (Mo. App. E.D. 2004); *State v. Currie*, 454 S.W.3d 903 (Mo. App. S.D. 2014). As these cases were decided prior to *McCauley* and failed to address the issue actually decided by *McCauley* that is dispositive of this appeal, it is unnecessary to distinguish them individually. Insofar as these cases are contrary to *McCauley*'s holding that this Court does not have the authority to decide an appeal from the denial of a *nunc pro tunc* motion under Rule 29.12(c) in a criminal case, they should not be followed.

Nelson is not, however, without any avenue for relief if the alleged clerical error actually infringes upon his rights. "[W]rit and perhaps other remedies are adequate to protect the narrowly-limited right" that Nelson asserts on appeal. *McCauley*, 496 S.W.3d at 596*; see also State v. Williams*, 871 S.W.2d 450, 452 n.2 (Mo. banc 1994) (writs of prohibition or of habeas corpus are remedies available where terms and conditions of probation are not subject to direct appellate review); (*Mazur v. State*, 285 S.W.3d 820, 822 n.2 (Mo. App. S.D. 2009) (remedy for seeking jail time credit under section 558.031 is by declaratory judgment or extraordinary writ).

5

**Conclusion**

The appeal is dismissed.

_____
Gary D. Witt, Judge

All concur