

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD35656 |
| | ) | |
| TAMARA D. TIDWELL, | ) | FILED: February 4, 2019 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable David A. Dolan, Judge

**TRANSFERRED TO THE SUPREME COURT PER RULE 83.02**

(Before Bates, J., Scott, J., and Sheffield, J.)

PER CURIAM.   Initially charged with multiple felonies, Tamara Tidwell agreed to plead guilty to one felony count and receive a suspended imposition of sentence and probation, with other charges and cases to be dismissed, all of which occurred in November 2010.[1]

In March 2014, the court revoked Tidwell's probation, sentenced her to five years in prison concurrent with another sentence and subject to a 120-day callback per § 559.115, and made a docket entry "Costs Ordered to State."   The county certified a bill to the state including $920.26 for incarcerating Tidwell during 2010 and 2013.

In July 2014, the court ordered Tidwell released from prison and placed her

---

[1] The plea occurred in Case No. 10MI-CR00741-01.  Hereafter, we refer only to that case.

on five years' probation. A condition of probation was that Tidwell "should pay any outstanding court costs, Crime Victims Compensation Fund, intervention fees and restitution balances, as applicable." Related paperwork showed the court costs claimed as $920.26, mirroring the county's March 2014 cost bill to the state.

Four years later, having made only one $60 payment, Tidwell filed a "Motion to Retax Costs," asserting that she did not owe jail costs taxed to the state in 2014 due to her indigent status. After a hearing, the court denied the motion on August 17, 2018.

Four days later, but over four years after she was sentenced, Tidwell filed notice of appeal on August 21, 2018.

We must determine sua sponte whether we have appellate jurisdiction before reaching the merits of an appeal. *See **State v. Lilly***, 410 S.W.3d 699, 701 (Mo.App. W.D. 2013). For example, our supreme court determined sua sponte "that there is no right to appeal the terms and conditions of an order of probation." **State v. Williams**, 871 S.W.2d 450, 452 (Mo. banc 1994).

> There is no right to appeal without statutory authority. Section 547.070, RSMo 1986, allows appeals in criminal cases from a "final judgment." A final judgment occurs only when a *sentence* is entered. Probation is not part of the sentence. Consequently, there is no right to appeal a trial judge's decision to grant or deny probation. It follows that there is no right to appeal the terms and conditions of an order of probation.

***Id***. (citations omitted).

Yet Williams still could seek relief; courts offered sufficient remedies; just not by direct appeal. "Although terms and conditions probation [*sic*] is not subject to review on direct appeal, Williams has other remedies available to correct unlawful terms of conditions of probation," including writs of prohibition or habeas corpus. ***Id***. at 452 n.2. "These remedies are sufficient to protect the claims which Williams now raises on appeal." ***Id***. Thus all appellate districts recognize writs, and perhaps declaratory judgment, as available and sufficient bases for relief in these situations. *See, e.g.*, **State v. Nelson**, 505 S.W.3d 869, 872 (Mo.App. W.D. 2016); **State v. McCauley**, 496 S.W.3d 593, 596 (Mo.App. S.D. 2016); **State v. Decker**, 194 S.W.3d 879, 881 (Mo.App. E.D. 2006).

Because Tidwell elected, four years after final judgment, to seek direct appeal instead of a permitted remedy, we see no basis for appellate jurisdiction and fear disrupting established law if we bend the rules for convenience. We "should not, indeed cannot due to constitutional restraints, establish some new rule pertaining to rights of appeal which would be contrary to extant statutory authority." ***McCauley***, 496 S.W.3d at 596 n.4 (citation and internal quotation marks omitted).[2]

Given these limitations, we would dismiss this appeal without prejudice to Tidwell pursuing a permitted remedy instead. "This result aligns with numerous other holdings that rulings in criminal cases after judgment and sentence are not appealable, including orders denying probation, jail-time credit, motions for early release, etc." ***Nelson***, 505 S.W.3d at 872 (citing ***McCauley***, 496 S.W.3d at 595, which collects cases and observes that "[n]early all rulings after the judgment and sentence are *non*-appealable"[3]). However, given the general interest and importance of the issue presented and the pendency of related issues in our supreme court,[4] we transfer this case to our supreme court pursuant to Rule 83.02.

---

[2] Tidwell cites § 514.270, but it applies to civil cases. Section 547.070, which governs appeals in criminal cases, offers no comparable authority for this appeal. *See **Williams**,* 871 S.W.2d at 452; *see also **State v. Stout***, 960 S.W.3d 535, 537 (Mo.App. E.D. 1998)(statute allowing for appeals in civil cases provided no authority to appeal a matter in a criminal case). As in ***McCauley***, Tidwell's motion "bore a criminal case number; was filed in a criminal case; [and] addressed a judgment of criminal conviction[.]" 496 S.W.3d at 596. ***McCauley*** notes "differences in scope between criminal and civil appeals" (***id***. at 594) and the "broader statutory authority for civil appeals" (***id***. at 595), describing these as "an inconsistency born of statute that we cannot 'fix.'" ***Id***. at 596 n.4.

[3] *Citing **State v. Famous***, 415 S.W.3d 759, 759 (Mo.App. E.D. 2013)(petition for probation-time credit); ***State v. Payne***, 403 S.W.3d 606, 607 (Mo.App. S.D. 2011)(motion to vacate conviction, alleging actual innocence); ***State v. Vaughn***, 391 S.W.3d 487, 487 (Mo.App. S.D. 2013)(order granting § 559.115 probation); ***State v. Ferrell***, 317 S.W.3d 688, 689 (Mo.App. S.D. 2010)(order denying § 559.115 probation); ***State v. Goodloe***, 285 S.W.3d 769, 769-70 (Mo.App. E.D. 2009)(order denying motion for jail-time credit); ***State v. Mahurin***, 207 S.W.3d 662 (Mo.App. E.D. 2006)(order denying § 217.362 probation release); ***State v. Smith***, 204 S.W.3d 697, 697-98 (Mo.App. E.D. 2006)(order denying motion for hearing *de novo*); ***Decker***, 194 S.W.3d at 881 (request to credit house-arrest time against sentence); ***Pair v. State***, 174 S.W.3d 10, 11 (Mo.App. E.D. 2005)(motion for release on house arrest); ***State v. Sturdevant***, 143 S.W.3d 638, 638-39 (Mo.App. E.D. 2004)(motion for early release per § 558.016.8); ***Vernor v. State***, 30 S.W.3d 196, 197 (Mo.App. E.D. 2000)(order denying Rule 29.12(b) motion); ***State v. Stout***, 960 S.W.2d 535, 536 (Mo.App. E.D. 1998)(denial of § 558.046 request for sentence reduction).

[4] In ***State v. George Richey***, No. SC97604, and ***State v. John B. Wright***, No. SC97630.