

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED107166 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Hon. David Lee Vincent III |
| GORDON F. GOLDSBY, JR., | ) | |
| | ) | Filed: |
| Appellant. | ) | May 7, 2019 |

This appeal arises from the denial of motion regarding Gordon Goldsby's speedy trial rights, filed decades after his trial, convictions, appeal and post-conviction proceedings were complete. We dismiss the appeal.

Goldsby was convicted after a jury trial in 1990 for a kidnapping, forcible rape and assault that occurred in 1972.[1] He was sentenced to ten years, life and twenty-five years imprisonment respectively, to be served consecutively. In 1992, the judgment entered on these convictions and the denial of his motion for post-conviction relief under Rule 29.15 were affirmed. *See State v. Goldsby,* 845 S.W.2d 636 (Mo. App. E.D. 1992). In 2010, Goldsby filed a series of motions in the trial court, seeking to correct an alleged discrepancy between the written judgment and the oral pronouncement of sentence, all of which were denied by the court. *See State v. Goldsby*, 341 S.W.3d 809 (Mo. App. E.D. 2011)

---

[1] After he was arraigned on the charges for these crimes, he was released on bond but did not appear for trial. He was arrested when re-entering the United States in 1990.

(affirming those denials in a per curiam order). In 2017, Goldsby began filing another series of motions in the trial court, among them a pleading filed on November 7, 2017, entitled "PETITION REQUESTING A FAST AND SPEEDY TRIAL WITHIN 180 DAYS OF THIS REQUEST ON THE ABOVE CAUSE 21-360974 AND FOR ANY ANOTHER AND ALL OUTSTANDING UNTRIED INFORMATIONS(S), INDICTMENTS(S) AND WARRANT(S)."[2] Therein, he claimed the sentences for his 1990 conviction were excessive, the judgment thereon invalid and there were no proper final judgments entered for rape or assault. Thus, he sought to have the judgments removed and these charges and any others tried within 180 days of that filing.

On July 2, 2018, Goldsby filed a "MOTION TO CALL-UP FOR FINAL FINDINGS UNDER SECTION 217.460 RSMo, PURSUANT TO SUPREME COURT RULE 73.01(c), FOR WHETHER HIS U.S. CONSTITUTIONAL SPEEDY TRIAL RIGHTS HAVE BEEN VIOLATED DURING THIS CRIMINAL PROSECUTION." In this motion, he contended that because the State did not bring him to trial on the 1972 charges within 180 days of the pleading he filed in November of 2017, the trial court was now obligated under Section 217.460 to appoint counsel, hold a hearing and determine whether his speedy trial rights had been violated.

On August 7, 2018, the court entered judgment, first taking judicial notice of the entire case file in this matter and the file in his post-conviction proceeding. The court found and concluded that because the November 2017 petition was a "nullity," there was nothing in the instant motion that warranted relief and it denied the motion. This appeal

---

[2] Though the Legal File contains only a copy of this document without the file-stamp, Case.net reveals that this pleading was filed on November 7, 2017, listed in the docket sheet as "Correspondence Filed."

follows. The State correctly argues that this is not an appealable judgment, and Goldsby's appeal must be dismissed.

The right to appeal is purely statutory, and where a statute does not give a right to appeal no right exists. *State v. Nelson*, 505 S.W.3d 869, 871 (Mo. App. W.D. 2016). According to Section 547.070, appeals in a criminal case may only be taken from a final judgment rendered upon indictment or information. *State v. McCauley*, 496 S.W.3d 593, 595 (Mo. App. S.D. 2016). The court's ruling here was denominated a "judgment," but was not rendered on the indictment or information. Rather, it was a ruling on a motion seeking relief from the judgments entered on those charges. "Nearly all" such rulings in criminal cases denying motions requesting various types of relief after the judgment and sentence are *not* appealable. *Id.*

Moreover, there was no independent basis for either of Goldsby's motions in the trial court. Goldsby's November 2017 "180-day writ petition"—as he calls it—was an entirely misplaced and unauthorized attempt to trigger a new 180-day speedy trial timeline on the 1972 charges, based on the theory that valid judgments were never entered when he was originally convicted because he claims the sentences were excessive. Likewise, then, there was no independent basis for his July 2018 motion seeking a hearing and final determination of the issue raised in that "petition." As a logical result, there can also be no appealable judgment from the denial of that motion. *See generally Vernor v. State*, 30 S.W.3d 196, 197 (Mo. App. E.D. 2000).

Accordingly, without an independent basis for the underlying motions and no statutory authority for an appeal, the appeal must be dismissed.

3

ROBERT G. DOWD, JR., Judge

Philip M. Hess, P.J. and
Mary K. Hoff, J., concur.

4