

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| v. | ) | No. SD36021 |
| | ) | Filed: January 21, 2020 |
| ROBERT L. CAMPBELL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Gayle L. Crane, Circuit Judge

**APPEAL DISMISSED**

Robert Campbell (Defendant), a self-represented litigant, seeks to appeal a second time from the convictions and sentences imposed at his criminal trial in September 2016. The purported basis for this second appeal is that the written judgment was corrected, *nunc pro tunc*, to conform to the actual oral pronouncement of Defendant's sentences at trial. According to Defendant, this correction constituted an amended judgment that gave him the right to appeal again. Because the *nunc pro tunc* correction of the written judgment to conform to the oral pronouncement of sentences is not a new judgment, we have no statutory authority to act and must dismiss this attempted second appeal by Defendant. Our decision arises from the following events.

On September 12, 2016, Defendant was convicted of two counts of second-degree murder and sentenced to life imprisonment on each count. The trial judge ordered that the sentences run consecutively. That same month, Defendant appealed from that judgment. This Court affirmed the judgment containing Defendant's convictions and sentences via summary order and statement in *State v. Campbell*, SD34647 (Mo. App. filed February 7, 2018).

Defendant filed a timely Rule 29.15 post-conviction motion.[1] Insofar as relevant here, the third claim posited that the sentences in the written judgment did not conform to the oral pronouncements by the trial judge. The record revealed that the sentencing court (which was the same as the motion court) orally pronounced a sentence of "a term of life" on each count, "[t]o run consecutive." The written judgment incorrectly stated that the length of the second sentence was "999 Years" instead of life in prison as orally pronounced by the court. On December 27, 2018, the motion court entered its order: (1) denying post-conviction relief; and (2) directing that the written judgment be corrected *nunc pro tunc*.[2] The error was corrected on December 31, 2018, to make the judgment state the length of Defendant's second sentence as "Life in Prison" instead of 999 years. The trial court denominated the document as an "Amended Judgment," even though the written judgment was only being corrected *nunc pro tunc*.

---

[1] All rule references are to Missouri Court Rules (2019). All statutory references are to RSMo (2016).

[2] *Nunc pro tunc* means "now for then." *In re Marriage of McIntosh*, 126 S.W.3d 407, 412 (Mo. App. 2004). A ruling *nunc pro tunc* is used to correct clerical mistakes in an earlier judgment or order. *See* Rule 29.12(c); *Etenburn v. State*, 341 S.W.3d 737, 747 (Mo. App. 2011) (remanding with directions to correct a clerical error in the original written judgment to accurately reflect the oral pronouncement of sentence).

Defendant appealed the motion court's order denying post-conviction relief. This Court affirmed that ruling by order and memorandum decision in **Campbell v. State**, SD35946 (Mo. App. filed January 15, 2020).

While the appeal from the denial of Defendant's post-conviction motion was pending, Defendant filed a second notice of appeal attempting to appeal from the September 2016 judgment. Seizing upon the "Amended Judgment" nomenclature used by the trial court, Defendant argues that, "when the sentence has been changed and/or altered, a new direct appeal is mandated[.]"[3] This argument lacks merit.

It is well settled that the "court's power to issue a *nunc pro tunc* order is to make the record conform to the judgment already rendered, not to change the judgment itself." **State v. Lawrence**, 139 S.W.3d 573, 576 (Mo. App. 2004); *see* Rule 29.12(c) (governing clerical mistakes in criminal cases). As we explained in **State v. McCauley**, 496 S.W.3d 593 (Mo. App. 2016):

> Whether in a criminal or civil context, *nunc pro tunc* relief lies "at any time," Rules 29.12(c), 74.06(a), because a court is deemed "to have continuing jurisdiction over its records. This jurisdiction exists independently from the court's jurisdiction over its cause or its judgment." *Pirtle,* 956 S.W.2d at 240. *Nunc pro tunc* relief is so narrowly prescribed and so strictly confined to the record that it creates no new judgment, but relates back to the original judgment. *McGuire,* 447 S.W.3d at 663-64[;] *Pirtle,* 956 S.W.2d at 241-42; *Lawrence,* 139 S.W.3d at 576. That is, "a nunc pro tunc judgment is not a 'judicial declaration of the parties' rights' but merely a judicial power to ensure the accuracy of its own records." *McGuire,* 447 S.W.3d at 663 (quoting *Pirtle,* 956 S.W.2d at 242).

*Id*. at 594-95. As authorized by § 547.070, Defendant appealed in September 2016 from the judgment in his criminal case. The *nunc pro tunc* correction was a new clerical entry,

---

[3] The title used by the trial court is not determinative. Missouri courts are not bound by a document's title, but instead look to its substance to decide what it is. *See* **Latham v. State**, 554 S.W.3d 397, 406 (Mo. banc 2018).

but not a new judgment.  ***McCauley***, 496 S.W.3d at 595.[4]  Because there is "no new judgment from which there is a statutory right to appeal under section 547.070, this Court does not have the authority to entertain an appeal therefrom." ***State v. Nelson***, 505 S.W.3d 869, 872 (Mo. App. 2016); *see **McCauley***, 496 S.W.3d at 595-96.  Therefore, the appeal is dismissed.


JEFFREY W. BATES, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR

---

[4] To avoid this problem in the future, we suggest that a judgment corrected *nunc pro tunc* should not be titled "Amended Judgment," but instead as "Judgment Nunc Pro Tunc."