

# Missouri Court of Appeals
## Southern District

### In Division

| | |
|---|---|
| STATE OF MISSOURI, EX REL. PARKE J. STEVENS, JR., ) ) ) | |
| Relator, ) | No. SD37485 |
| v. ) ) | **Filed: January 24, 2024** |
| THE HONORABLE JOHN D. BEGER, ) ) | |
| Respondent. ) | |

ORIGINAL PROCEEDING IN MANDAMUS

**<u>PRELIMINARY WRIT OF MANDAMUS MADE PERMANENT</u>**

(*Before Sheffield, J., Goodman, C.J., and Growcock, J.*)

PER CURIAM.   A year after entering a judgment and imposing a four-year sentence in the Department of Corrections, Respondent entered a new judgment *nunc pro tunc*, suspending execution of the sentence and placing the defendant on probation. Relator, the Prosecuting Attorney of Texas County, Missouri, filed a petition for a writ of prohibition or mandamus in this court.  We issued a preliminary writ of mandamus, which we hereby make permanent.

## Background

A jury found Nathan Box guilty of abuse or neglect of a child. Section 568.060.[1] By law, Box was to receive a sentence for a "class D felony, without eligibility for probation, parole, or conditional release until the defendant has served no less than one year of such sentence . . . ." Section 568.060.5(1).

Prior to trial, Box rejected the state's offer to reduce the charge to domestic assault (for which probation would have been within the court's discretion) in exchange for a guilty plea. At sentencing, the prosecutor reminded the court that the law precluded probation for Box's offense. The prosecutor further noted the following language in the sentencing assessment report: "[Box] is only eligible for sentencing to general population within the Missouri Department of Corrections, Division of Adult Institutions." Due to Box's persistent belief that he had done nothing wrong, the state recommended a four-year sentence.

The defense urged the sentencing court to consider Box's lack of prior offenses, his low risk to reoffend, his compliance with pretrial supervision, the professional consequences he would suffer due to the conviction, and the potential problems with placing Box in the general population of a prison given that he had been a decorated and long-serving corrections officer. The defense asked that Box be placed on electronic monitoring and house arrest for the first year of any term of incarceration, pursuant to § 557.011.6 RSMo. (2016).

The sentencing court was concerned by Box's lack of remorse, but also by the possible danger to Box in the general population of a prison. After giving the case "a lot

---

[1] Unless otherwise indicated, statutory citations are to RSMo. 2016, effective January 1, 2017.

of thought," the court orally pronounced the following sentence:

> Nathan Box, it's the judgment and sentence of the Court that you be taken by the sheriff of Texas County to the Missouri Department of Corrections and there to serve a term of four years unless sooner released by operation of law. The sheriff's allowed one guard.
> Pursuant to Section 557.011.6 of the statutes of the State of Missouri, the first year of that confinement is to be under house arrest at your cost through the services of OCCS.
> This case is set for review March 22 of 2022 at 10 a.m., and you'll need to be back here in court on that day. You'll need to meet with OCCS.

As relevant to this writ proceeding, the written memorialization of this sentence,

entered on March 16, 2021, included the following:

- "Defendant is sentenced to . . . [a] term of imprisonment of four (4) years in the Department of Corrections, the Sheriff is allowed one guard."

- "With credit for time served."

- "Per § 557.011.6 RSMo. the first year of confinement to be under house arrest at Defendant's cost through OCCS. Case set for review March 22, 2022 at 10:00 am."

- The form language for an Order of Probation was stricken through entirely.

In the year that followed, Box filed no appeal, no Rule 29.15 motion, and no other post-judgment motion.

On March 22, 2022, the court, on its own motion and over the state's objection, placed Box on probation. The court explained its reasoning in a memorandum order:

> The court finds that the defendant has served one year of confinement on house arrest with electronic monitoring and is now eligible to be placed on probation, supervised by Probation and Parole, for the remainder of his four-year sentence.
> To the extent necessary, the Court enters Judgment nunc pro tunc, to reflect the Court's intention on the sentencing date that the first year of Defendant's sentence be served on house arrest with electronic monitoring, and that the remaining three years of the sentence be suspended – not executed – and the Defendant be placed on probation for the remainder of his sentence. This is done to correct a plain error affecting the Defendant's

3

substantial rights to avoid a manifest injustice or miscarriage of justice that would result if not corrected. Pursuant to Rule 29.12.

A "Judgment Nunc Pro Tunc," also entered on March 22, 2022, varied from the original judgment and sentence in the following respects:

- Among others, the following relevant provisions were stricken: "With credit for time served," and "Per [Section] 557.011.6 RSMo. . . ."

- After stating the 4-year term of imprisonment in the Department of Corrections, the following provisions were added: "Previously imposed, the first year served as house arrest[,]" and "Done to correct Judgment 3/16/2021."

- The portion of the form denominated "Order of Probation," previously stricken, was now included, in which execution of sentence was suspended and conditions of probation were imposed for a term of five years.

We will refer to the March 22, 2022, memorandum order and judgment collectively as the "2022 Judgment."

## Legal Principles

Mandamus is a discretionary writ that is appropriate when a court has exceeded its jurisdiction or authority, and where no remedy exists through appeal. A litigant seeking mandamus must allege and prove a clear, unequivocal, specific right to a thing claimed. Ordinarily, mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers. However, if the respondent's actions are wrong as a matter of law, then he has abused any discretion he may have had, and mandamus is appropriate.

*State ex rel. Washington v. Crane*, 646 S.W.3d 444, 447 (Mo.App. 2022) (internal punctuation and citations omitted).

## Discussion

"A judgment in a criminal case becomes final when a sentence is imposed."

*State v. Jobe*, 660 S.W.3d 700, 703 (Mo.App. 2023).

Once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule.

Accordingly, any action taken by a circuit court after sentence is imposed is a nullity and void unless specifically authorized by law.

*Id.* (internal punctuation and citations omitted).

By application of these general principles of law, Respondent had no authority to enter the 2022 Judgment. Respondent does not challenge these general principles of law, nor does he argue that Box's sentence was not imposed in 2021. The 2022 Judgment arguably contains two exceptions to this general rule by which Relator purported to have authority to act.

The first is Rule 29.12(b),[2] which provides, "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." This rule "does not provide an independent basis for relief for a claim of plain error." *Harris v. State*, 48 S.W.3d 71, 72 (Mo.App. 2001). We need not elaborate further because Relator now concedes Rule 29.12(b) did not confer authority to enter the 2022 Judgment.

The second exception is entry of judgment *nunc pro tunc* under Rule 29.12(c).[3] This exception serves a very limited purpose:

> Nunc pro tunc emerged as a common law power to allow a court that has lost jurisdiction over a case to maintain jurisdiction over its records to correct clerical mistakes in the judgment arising from either scrivener's errors or from omissions that are indicated in the record but are not recorded in the original judgment. The court retains jurisdiction over its records so that it may amend its records according to the truth, so that they should accurately express the history of the proceedings which actually occurred prior to the appeal.

*State v. Nelson*, 505 S.W.3d 869, 871 (Mo.App. 2016).(internal punctuation and

---

[2] Rule citations are to Missouri Supreme Court Rules (2022).

[3] Rule 29.12(c) essentially codified the common-law *nunc pro tunc* remedy in criminal cases. *State v. McCauley*, 496 S.W.3d 593, 594 (Mo.App. 2016).

citations omitted) (quoting **McGuire v. Kenoma, LLC**, 447 S.W.3d 659, 663 (Mo. banc 2014)).

"Clerical mistakes occur when, *inter alia*, a written sentence and judgment, (1) fails to accurately denominate defendant's counts and convictions on each count; (2) fails to accurately memorialize the jury's verdicts; and/or (3) fails to accurately memorialize the trial court's decision as it was announced in open court." **State v. Brown**, 558 S.W.3d 105, 114 (Mo.App. 2018). No such clerical mistake occurred in this case. The original judgment, entered in 2021, accurately reflects the jury's verdict, Box's conviction, and the sentence orally pronounced in open court.

Relator argues that the sentence was not changed or amended because the oral pronouncement of sentence did not address probation and therefore was ambiguous, and that the court always intended for Box to be placed on probation once he was eligible. We are not convinced.

The purpose of *nunc pro tunc* relief is not to elaborate on the specifics of a sentence; it is to correct a clerical *mistake* whereby something that was clear and plain at the oral pronouncement of sentence was omitted or inaccurately reflected in the court's written record. *See* **Brown**, *supra*. The court made no affirmative statement at sentencing that Box would be placed on probation after completing a year of house arrest, and the section of the original written judgment where the court could have, but did not, set forth conditions of probation was stricken through in its entirety.

More fundamentally, the court could not have entered such a sentence even if that was its intent at the sentencing hearing. By the plain language of Section 568.060.5(1), persons who plead guilty to or are found guilty of class D felony child abuse or neglect are

6

ineligible for probation or parole during the first year of their term of incarceration.[4]

"'*Nunc pro tunc* means 'now for then.'" ***State v. Campbell***, 598 S.W.3d 151, 153 fn.2 (Mo.App. 2020). "*Nunc pro tunc* relief is so narrowly prescribed and so strictly confined to the record that it creates no new judgment, **but relates back to the original judgment**." *Id.* at 153 (emphasis added). Because of this relation back, a sentencing court cannot enter a sentence, by a later judgment *nunc pro tunc*, that it was precluded from entering originally. Thus, the legislature's § 568.060.5(1) probation limitation applies equally to an original judgment and any subsequent judgment *nunc pro tunc* that "corrects" an original judgment.

The very language in the court's 2022 Judgment betrays its claim to authority in this regard. To say Box "is **now** eligible to be placed on probation" (emphasis ours) indicates an understanding that Box was, by law, ineligible for probation when he was *originally* sentenced. A sentencing court has no authority or discretion to sentence such a defendant to a term of years in the Department of Corrections and then, after control over that judgment is lost, enter an amended judgment that § 568.060.5(1) precluded the sentencing court from entering originally.

### Conclusion

The original judgment and sentence accurately reflected the court's oral pronouncement of sentence. The 2022 Judgment did not correct a clerical error, it fundamentally changed Box's sentence. The court had no authority to amend its previously-imposed sentence. Because the 2022 Judgment was entered without

---

[4] Even so, a court sentencing a defendant who pleads guilty to or is found guilty of class D felony child abuse or neglect retains some discretion in setting the *term* of confinement, § 558.011.1(4) RSMo. ("a term of years not to exceed seven years" with no mandatory minimum), and the *location* of confinement, § 557.011.6 RSMo. (2016) and § 558.011.2.

authority, it is void and a nullity.

Accordingly, we make our preliminary writ of mandamus permanent. Respondent shall vacate the memorandum order and judgment dated March 22, 2022, in case number 19TE-CR01028-01, leaving the judgment entered on March 16, 2021, as the final judgment and sentence in that case.[5]

---

[5] Relator's motion is denied as moot.